**REVERSE and REMAND; Opinion Filed March 4, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01033-CV

**HENRY SANCHEZ D/B/A H SANCHEZ CONSTRUCTION, Appellant**
**V.**
**ALBERRAMAN L. CASTILLO, Appellee**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-15-03266-B**

## MEMORANDUM OPINION

Before Justices Bridges, Whitehill, and Nowell
Opinion by Justice Nowell

Appellee Alberraman L. Castillo was injured while working on a residential home construction site. He sued appellant Henry Sanchez d/b/a H Sanchez Construction for damages resulting from the injury, and a jury returned a verdict in appellee's favor. In three issues on appeal, appellant argues the evidence is legally and factually insufficient to support the jury's finding that appellee was his employee, the trial court abused its discretion by admitting a contract into evidence, and the trial court abused its discretion by denying his motion for leave to designate a responsible third party. We reverse the trial court's judgment and remand this cause to the trial court for a new trial.

First Texas Homes, Incorporated[1] hired appellant to perform framing work for new construction houses.[2] To complete the work, appellant hired subcontractors, including his brother, Antonio Sanchez.[3] Antonio, in turn, hired other men to help him complete the work; appellee was one of the men Antonio hired. On October 21, 2013, while working with Antonio at a residential construction site, appellee cut off part of his finger while using a circular saw.

Appellee sued appellant on June 29, 2015 for negligence. Nearly three years later, the case proceeded to a jury trial. The jury found appellee was acting as appellant's employee at the time of the incident on October 21, 2013, and appellant's negligence proximately caused the incident. The trial court entered a final judgment in favor of appellee. This appeal followed.

## A. Sufficiency of the Evidence

In his first issue, appellant asserts the evidence is legally and factually insufficient to support the jury's finding to Question 1, which asked:

> Was ALBERRMAN L. CASTILLO acting as an employee of HENRY SANCHEZ d/b/a H SANCHEZ CONSTRUCTION during the occurrence in question [on] October 21, 2013?

The jury answered "Yes." In the second part of Question 1, the jury was instructed to proceed to Question 2 if it answered "yes" to Question 1. However, if the jury answered "no" to Question 1, then it should proceed to Question 3 and not answer Question 2. Having answered "yes" to Question 1, the jury then answered Question 2; the jury never answered Question 3.

As a general rule, we address a legal-sufficiency challenge (such as the one raised in appellant's first issue) before considering other issues because, if we conclude the evidence is

---

[1] First Texas Homes was sued by appellee, but prevailed on its motion for summary judgment prior to trial and is not a party to the appeal.

[2] In his second issue, appellant asserts the trial court abused its discretion by admitting the General Contractor Agreement between First Texas Homes and appellant. While we agree this was an abuse of discretion, *see Chevez v. Brinkerhoff*, No. 05-13-00572-CV, 2014 WL 7246798, at *4 (Tex. App.—Dallas Dec. 22, 2014, no pet.) (mem. op.), we need not address appellant's second issue to resolve the appeal, *see* TEX. R. APP. P. 47.1.

[3] Antonio Sanchez' name also appears in the record as Antonio Sanchez Balderas. We will refer to Antonio by his first name to avoid any confusion with appellant.

legally insufficient, then we may render the judgment that the trial court should have rendered. *See* TEX. R. APP. P. 43.3; *Scott Pelley P.C. v. Wynne*, 578 S.W.3d 694, 701 (Tex. App.—Dallas 2019, no pet.) (collecting cases). However, we will not consider appellant's legal sufficiency challenge first in this appeal because we do not know what judgment the trial court should have rendered if the evidence is legally insufficient.

If appellant is correct that the evidence is legally insufficient to support the jury's answer to Question 1, then we would conclude the jury should have answered "no" to Question 1. The jury, then, would have been required to answer Question 3. Depending on how the jury answered Question 3, it might also have answered Question 4, which it also did not do. Thus, even if we were to sustain appellant's first issue and conclude the evidence is legally insufficient—an issue we do not reach—we could not render the judgment the trial court should have rendered because we do not know how the jury would have answered Question 3 and, potentially, Question 4. We lack sufficient information to know what verdict the trial court should have rendered if the jury had answered "no" to Question 1.

We decline to consider the merits of appellant's first issue because the outcome of his third issue controls the disposition of this appeal. *See* TEX. R. APP. P. 47.1.

**B.      Responsible Third Party**

In his third issue, appellant argues the trial court abused its discretion by denying his motion for leave to designate Antonio as a responsible third party. A responsible third party is "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, . . . by other conduct or activity that violates an applicable legal standard, or by any combination of these." TEX. CIV. PRAC. & REM. CODE § 33.011(6). The Texas Civil Practice and Remedies Code permits defendants to designate responsible third parties. *See id.* § 33.004(a). Consistent with the tenet of tort law that a party's

–3–

liability arises from its own injury-causing conduct, the designation's purpose is to hold each party "responsible [only] for [the party's] own conduct causing injury." *MCI Sales & Serv., Inc. v. Hinton*, 329 S.W.3d 475, 505 (Tex. 2010); *see also Challenger Gaming Sols., Inc. v. Earp*, 402 S.W.3d 290, 293 (Tex. App.—Dallas 2013, no pet.).

The designation enables a defendant "to introduce evidence regarding a responsible third party's fault and to have the jury apportion responsibility to the third party even if that person has not been joined as a party to the lawsuit." *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (orig. proceeding) (per curiam) (internal quotation marks omitted). A plaintiff has the option to counter the impact of a responsible third party designation by joining the "party as an additional defendant." *Id*. In this way, all potentially culpable parties appear before the court, defend themselves, and face potential liability for their portion of responsibility. *Id*.

The statute requires the trier of fact determine the percentage of responsibility of each claimant, defendant, settling person, and responsible third party who has been designated in accordance with the statute. *See* TEX. CIV. PRAC. & REM. CODE § 33.003. This may reduce the percentage of responsibility attributed to the defendant, thus ultimately reducing its liability to the claimant. *See id*. § 33.013; *Dawson*, 550 S.W.3d at 628 ("When a responsible third party is designated, the apportioning of responsibility can affect 'the amount of recovery available to a plaintiff from the named parties.'").

A defendant's motion to designate a responsible third party "must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." TEX. CIV. PRAC. & REM. CODE § 33.004(a). A defendant may not designate a person as a responsible third party with respect to the plaintiff's cause of action after the applicable limitations period on the cause of action has expired with respect to the responsible third party if the defendant failed to comply with its obligations, if any, to timely disclose that the person may

be designated as a responsible third party under the rules of civil procedure. *Id*. § 33.004(d).

Appellee sued appellant and First Texas Homes on June 29, 2015. In his original petition, appellee alleged he was hired by Antonio, "who is the manager of construction projects for" appellant, and he was injured "[w]hile working in this employment." He alleged the defendants provided the saw he used and they knew or should have known the saw posed an unreasonable risk of harm to appellee. On August 17, 2015, appellant served responses to appellee's interrogatories, which included the following response:

> . . . Defendant contracted with Antonio Sanchez Balderas, address unknown, [phone number provided], to construct framing for the improvements made to the property where the acts, events or conditions giving rise to Plaintiff's alleged claims occurred. Upon information and belief, Mr. Balderas is the party who employed Plaintiff and provided any tools and equipment used by Plaintiff relative thereto.

One month later, on September 23, 2016, appellant responded to appellee's requests for disclosures and stated Antonio was a person who may be designated as a responsible third party. The disclosures include a phone number and state Antonio's address is unknown. On October 2, 2015, appellee filed his first amended petition and added Antonio as a defendant. In his first amended petition, appellee alleged appellant and Antonio each "owed a duty to provide reasonable safe working conditions for Plaintiff, which they each breached and thereby proximately caused or at least contributed to Plaintiff's resulting injuries and damages." Appellee never served Antonio.

On May 2, 2017, appellant filed a motion for leave to designate Antonio as a responsible third party. Appellee filed a written objection to the motion arguing it was untimely because it was filed six days before the trial date. The motion was set for hearing, but the trial court did not issue a ruling. The trial was reset and appellant did not obtain a ruling on the motion.

A deposition subpoena addressed to Antonio was issued on October 4, 2016, and included an address on Cortez Drive in Dallas. The officer's return states he delivered the subpoena on October 12, 2016, to Antonio at the address on Cortez Drive. Antonio's deposition was taken on

–5–

October 27, 2016. Appellant issued a trial subpoena to Antonio at the address on Cortez Drive in May 2017. The process server signed a statement that he delivered the subpoena to Antonio on May 4, 2017. On November 30, 2017, appellee filed his witness list of persons "that Plaintiff reasonably anticipates using in Plaintiff's case in chief." The second name on the list is Antonio Sanchez. A few weeks later, a subpoena was issued for Antonio to testify at trial and provided the address on Cortez Drive; a process server again declared the subpoena was delivered. Appellant's proposed jury instructions, filed on May 10, 2018, included Antonio as a potentially negligent party.

On the morning of trial, May 14, 2018, appellant again moved to designate Antonio as a responsible third party. Appellee opposed the motion on the ground that appellant's live pleading (his answer) did not allege sufficient facts to put appellee on notice of "what it is Antonio Sanchez did or didn't do that warrants him being a responsible third party." Appellant replied that Antonio was included in his disclosures and interrogatory responses, and appellee's first amended petition named Antonio as a defendant. According to appellee, Antonio was never served because he did not have Antonio's address. The trial court asked whether appellee had non-suited Antonio, appellee's counsel stated: "No, but we will right here right now nonsuit the un-served defendant, Antonio Sanchez." The trial court then denied the motion to designate Antonio as a responsible third party, and the case proceeded to trial.

On appeal, appellant argues the trial court abused its discretion by denying his motion to designate Antonio as a responsible third party; appellant timely disclosed Antonio in written discovery responses and appellee amended his petition within the limitations period to name Antonio as a co-defendant. Therefore, while his motion at issue in this appeal was filed fewer than 60 days before trial, appellant argues appellee had notice that Antonio was a responsible party. Appellee responds the trial court's ruling is not in error because his failure to serve Antonio with

citation is "**only** because his 'address' and location were unknown to Appellee before the 2-year statute of limitations expired."[4]

Chapter 33 of the civil practice and remedies code includes two time-based limitations about when a defendant may designate a responsible third party. The first is that a defendant may not designate a responsible third party within 60 days of trial unless the trial court finds good cause. TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a). The second is that a defendant may be precluded from designating a responsible third party if he had an obligation to disclose the person earlier but did not do so and the statute of limitations has run on the plaintiff's claim against the late-disclosed party. *Id.* § 33.004(d). "These timing limitations are part of a "statutory balance" created by the Legislature that seeks to address a defendant's interest in identifying nonparties who may have some culpability while recognizing that a plaintiff has time limitations on pursuing its claims against parties not already included in its suit." *In re CVR Energy, Inc.*, 500 S.W.3d 67, 73 (Tex. App.—Houston [1st Dist.] 2016, no pet., orig. proceeding (op. on reh'g).

We begin with the first time-based limitation. It is uncontested appellant moved to designate Antonio fewer than 60 days before trial. Therefore, we must consider whether the trial court abused its discretion by not concluding appellant had good cause for the delay. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a).

For the two and a half years before trial, from the time appellee filed his first amended petition until the morning of trial, Antonio was a named defendant in this action. While the definition of responsible third party does not address whether a person may simultaneously be a defendant and a responsible third party, the Texas Supreme Court has stated: "Chapter 33 provides, among other things, that a defendant in such an action may seek to designate a person, who has not been sued by a claimant, as a responsible third party." *Galbraith Eng'g Consultants, Inc. v.*

---

[4] The record does not show appellee attempted to serve Antonio by publication or other substituted service. *See* TEX. R. CIV. P. 109, 109a.

*Pochucha*, 290 S.W.3d 863, 865 (Tex. 2009); *see also Dawson*, 550 S.W.3d at 628 ("A plaintiff has the option to counter the impact of a responsible third party's designation by joining the "party as an additional defendant.""). In fact, the "common understanding" of a "third party" is "a person who is not a named party to the litigation." *CVR Energy*, 500 S.W.3d at 75 (citing BLACK'S LAW DICTIONARY 10th ed. 2014); *see also Hagan v. Pennington*, No. 05-18-00010-CV, 2019 WL 2521719, at *11 (Tex. App.—Dallas June 19, 2019, no pet.); *New Hampshire Ins. Co. v. Rodriguez*, 569 S.W.3d 275, 298, n.9 (Tex. App.—El Paso 2019, pet. filed) ("'Responsible third party' in this statutory provision means an entity not joined as a party to the litigation that nevertheless may bear responsibility for an injury."). Considering the words "defendant" and "third party" as used in Chapter 33, the First District Court of Appeals concluded it would "follow the straightforward construction that 'third party' means a party that is not otherwise a party to the litigation." *CVR Energy, Inc.*, 500 S.W.3d at 78. We agree. A responsible third party is a party that is, among other things, not a defendant in the lawsuit.

Because Antonio was a defendant in the lawsuit until the morning of trial, we conclude appellant was not required to designate Antonio as a responsible third party until that time. *See CVR Energy*, 500 S.W.3d at 79. Once Antonio ceased being a defendant in this case, appellant's obligation, if any, to designate him as a responsible third party arose. Because appellant's motion to designate Antonio as a responsible third party was pending in a timely fashion when appellee non-suited his claims against Antonio, we conclude the trial court erred by concluding appellant did not have good cause for designating Antonio fewer than 60 days before trial.

The second time-based limitation is that a defendant may be precluded from designating a responsible third party if it had an obligation to disclose the person earlier but did not do so and the statute of limitations has run on the plaintiff's claim against the late-disclosed party. TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(d). The record shows appellant timely disclosed Antonio as

a potential responsible third party. Approximately six weeks after being sued, appellant served responses to appellee's interrogatories, which stated he contracted with Antonio "to construct framing for the improvements made to the property where the acts, events or conditions giving rise to Plaintiff's alleged claims occurred. Upon information and belief, Mr. Balderas is the party who employed Plaintiff and provided any tools and equipment used by Plaintiff relative thereto." Appellant provided Antonio's phone number. One month later, September 23, 2016, appellant responded to appellee's requests for disclosures and stated Antonio was a person who may be designated as a responsible third party. The disclosures include a phone number and state Antonio's address is unknown.

Rule 194.2 obligates a defendant, upon a request from the plaintiff, to disclose, among other things, the name, address, and telephone number of "any person who may be designated as a responsible third party." TEX. R. CIV. P. 194.2(l). The response must be complete "based on all information reasonably available" at the time. TEX. R. CIV. P. 193.1. A party has a responsibility to amend or supplement written discovery responses "unless the additional or corrective information has been made known to the other parties in writing, on the record at a deposition, or through other discovery responses." *See* TEX. R. CIV. P. 193.5. Although appellant did not provide Antonio's address when he served his responses to appellee's requests for disclosure on September 23, 2016, there is no evidence he knew Antonio's address at that time. Appellant did make Antonio's address known later in the litigation by including it on subpoenas issued to Antonio. The record also shows appellee's counsel appeared at and asked questions at Antonio's deposition; thus, appellee had an opportunity to acquire Antonio's address at that time. We conclude appellant complied with his obligation to timely disclose Antonio as a responsible third party, and appellee was well aware that Antonio allegedly caused or contributed to causing the alleged harm for which he sought damages. *See* TEX. CIV. PRAC. & REM. CODE § 33.011(6).

To the extent appellee argued appellant's live pleading failed to allege sufficient facts to put him on notice of Antonio's potential liability, this argument is not well taken. In his original petition, appellee alleged Antonio hired him and owed him a duty to provide safe working conditions, the breach of which resulted in his injuries. He then amended his petition to add Antonio as a defendant and alleged Antonio was negligent. Based on appellee's allegations, "it defies all credulity to suggest that Plaintiff[] did not know that [Antonio] was a potential responsible third party." *In re Dakota Directional Drilling, Inc.*, 549 S.W.3d 288, 292 (Tex. App.—Fort Worth 2018, no pet.).

Based on this record, we conclude the trial court abused its discretion by denying appellant's motion to designate Antonio as a responsible third party. The erroneous denial of a motion for leave to designate a responsible third party skews the proceedings, potentially affects the litigation's outcome, and compromises the defense in ways unlikely to be apparent in the appellate record. *In re Coppola*, 535 S.W.3d 506, 509–10 (Tex. 2017) (orig. proceeding) (per curiam); *CVR Energy*, 500 S.W.3d at 81-82. A litigant has a "significant and substantive right to allow the fact finder to determine the proportionate responsibility of all responsible parties." *Coppola*, 535 S.W.3d at 509–10. Because the trial court abused its discretion by denying appellant's motion for leave to designate a responsible third party and that error may have skewed the proceedings, affected the litigation's outcome, and compromised the defense in ways unlikely to be apparent in the appellate record, we conclude this cause should be remanded to the trial court for a new trial.

## C.    Conclusion

We reverse the trial court's judgment and remand this cause to the trial court for a new trial.

/Erin A. Nowell/

ERIN A. NOWELL
JUSTICE

181033F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

HENRY SANCHEZ D/B/A H SANCHEZ
CONSTRUCTION, Appellant

No. 05-18-01033-CV      V.

ALBERRAMAN L. CASTILLO, Appellee

On Appeal from the County Court at Law
No. 2, Dallas County, Texas
Trial Court Cause No. CC-15-03266-B.
Opinion delivered by Justice Nowell.
Justices Bridges and Whitehill
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for a new trial.

It is **ORDERED** that appellant Henry Sanchez d/b/a Sanchez Construction recover his costs of this appeal from appellee Alberraman L. Castillo.

Judgment entered this 4th day of March, 2020.