

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00267-CV

**IN RE MAIN STREET CONFERENCE, LLC, RELATOR**

Original Proceeding
Arising From Proceedings Before the 72nd District Court
Lubbock County, Texas
Trial Court No. DC-2023-CV-1225, Honorable John Grace, Presiding

October 6, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

In this original proceeding we are asked to determine if the trial court abused its discretion in denying a motion for leave to designate a responsible third party filed by Relator, Main Street Conference, LLC ("Main Street"). Main Street raises as its sole issue the trial court's denial of its motion. Because we conclude the trial court abused its discretion and Main Street is entitled to mandamus relief, we conditionally grant its petition for writ of mandamus.

BACKGROUND

On March 27, 2022, after engaging in a night of heavy drinking at a Lubbock sports bar, MUB, a minor age sixteen years old, drove home on the wrong side of the highway and crashed into an oncoming driver, Angie Apodaca.[1]  Fortunately, both drivers survived, but both suffered severe injuries.  The following year, MUB's mother filed suit on her behalf as "next friend" against the owner of the bar, Main Street Conference, LLC, for the medical expenses incurred in treating MUB's injuries.  The suit alleged the bar negligently caused the crash by serving MUB drinks despite her being only sixteen and visibly intoxicated.  On March 26, 2024, one day before the limitations period expired, Apodaca filed suit against both MUB and Main Street.  Both cases were then consolidated into one proceeding.

On March 6, 2025, Main Street learned from MUB's interrogatory responses she attended a friend's house party before going to Main Street's bar in 2022.  Main Street then deposed MUB on April 22, 2025 and discovered the mother of the friend, Latoya Collins, provided alcohol and marijuana to MUB and the other guests.  It was also revealed Collins and MUB's mother were longtime close friends.  Main Street filed a motion on May 8, 2025, for leave to designate Collins as a responsible third party.[2]  Based on MUB's deposition testimony, Main Street argued Collins was responsible for MUB's intoxication and the subsequent crash and should be designated as a responsible third

---

[1] Because she was a minor at the time, MUB's initials were originally used in the filing of the suit. Although she has now reached the age of majority, for consistency and in order to protect her identity, we have used only her initials to refer to her in this opinion.

[2] Main Street amended its disclosures identifying Collins as a potential responsible third party on May 22, 2025.

party. Main Street also asserted it had no duty to disclose Collins at any earlier date because it simply did not have knowledge of the facts to make the designation until it took MUB's deposition.

Both MUB and Apodaca responded to the motion and argued Main Street's motion was made after the statute of limitations for joining Collins had expired, and Main Street failed to timely disclose Collins as a potential responsible third party.[3] After holding a hearing, the trial court denied the motion, and Main Street now seeks mandamus relief.

## APPLICABLE LAW

A defendant's ability to designate a responsible third party after limitations has expired is governed by the following:

> A defendant may not designate a person as a responsible third party with respect to a claimant's cause of action after the applicable limitations period on the cause of action has expired with respect to the responsible third party if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure.

TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(d).

The Texas Rules of Civil Procedure provide in relevant part:

**194.1 Duty to Disclose; Production.**

(a) **Duty to Disclose.** Except in a suit governed by the Family Code, as exempted by Rule 194.2(c), or as otherwise agreed by the parties or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties the information or material described in Rule 194.2, 194.3, and 194.4.

\*\*\*

---

[3]Because this is a personal injury case the two-year statute of limitations applied to all claims, which expired on March 27, 2024. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a).

3

**194.2 Initial Disclosures.**

(a) **Time for Initial Disclosures.** A party must make the initial disclosures within 30 days after the filing of the first answer or general appearance unless a different time is set by the parties' agreement or court order. A party that is first served or otherwise joined after the filing of the first answer or general appearance must make the initial disclosures within 30 days after being served or joined, unless a different time is set by the parties' agreement or court order.

(b) Content. Without awaiting a discovery request, a party must provide to the other parties:

***

(12) the name, address, and telephone number of any person who may be designated as a responsible third party.

TEX. R. CIV. P. 194.1(a); 194.2(a), (b)(12). The disclosure rules are "self-operating," requiring no written requests from opposing parties, and each litigant is obligated to make timely disclosures required by the rules.

## STANDARD OF REVIEW

Mandamus relief is appropriate when a petitioner demonstrates a clear abuse of discretion and has no adequate remedy by appeal. *In re Geomet Recycling, LLC*, 578 S.W.3d 82, 91 (Tex. 2019) (orig. proceeding) (citations omitted). When a trial court fails to analyze or apply the law correctly, it has clearly abused its discretion. *In re Sherwin-Williams Co.*, 668 S.W.3d 368, 370 (Tex. 2023) (orig. proceeding) (internal quotations omitted). The trial court has no discretion in determining the law or applying the law to the facts. *Id.* We defer to the trial court's factual determinations if they are supported by the evidence, but we review its legal determinations de novo. *In re Bowers*, 635 S.W.3d

4

756, 759 (Tex. App.—Amarillo 2021, orig. proceeding) (citing *Carr v. Main Carr Dev., LLC*, 337 S.W.3d 489, 494 (Tex. App.—Dallas 2011, pet. denied)).

A party whose timely filed motion to designate a responsible third party does not have an adequate remedy by appeal. *In re Coppola*, 535 S.W.3d 506, 509–10 (Tex. 2017). Thus, the primary question is whether the trial court abused its discretion in denying the motion. *Id.*

## ANALYSIS

It is undisputed Main Street moved to designate Collins as a responsible third party after the statute of limitations expired on potential claims against her. It is also undisputed in the record Main Street did not disclose Collins as a potential responsible third party until a year after limitations ran. Therefore, the question we must address to resolve this petition is whether Main Street "failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(d).[4]

Main Street argues it did not have an obligation to disclose Collins as a person who may be designated as a responsible third party because it did not have knowledge of her or her relationship to the case until it performed the deposition of MUB. *See* TEX. R. CIV. P. 193.1 ("When responding to written discovery, a party must make a complete response, based on all information reasonably available to the responding party or its

---

[4] *In re Bustamante*, 510 S.W.3d 732, 736 (Tex. App.—San Antonio 2016, orig. proceeding) ("The timeliness limitation on a defendant's ability to designate responsible third parties is a procedural safeguard designed to prevent a defendant from belatedly pointing its finger at a time-barred responsible third-party against whom the plaintiff has no possibility of recovery.").

attorney at the time the response is made."). In their written responses to Main Street's motion, both MUB and Apodaca objected on the basis the initial disclosures from Main Street did not name Collins as a potential responsible third party before the limitations period expired on March 27, 2024. However, neither MUB's nor Apodaca's written responses addressed Main Street's primary contention that it had no knowledge of Collins until it conducted MUB's deposition, and therefore was not obligated to disclose Collins as a responsible third party before limitations ran. At the hearing on Main Street's motion, MUB and Apodaca presented additional arguments. MUB's counsel argued Main Street had knowledge of Collins because of an investigative report she had attached to her initial disclosures. Apodaca's counsel also argued Main Street had ample time to conduct some discovery before limitations ran on MUB's claims, and therefore there was no timely disclosure of Collins.

While MUB decries Main Street's failure to disclose Collins as a responsible third party before the running of limitations, she cannot be surprised by the designation. She knew of Collins existence, knew she had alcoholic drinks with permission from Collins, and had even smoked marijuana at her house. "[I]t defies all credulity to suggest" MUB did not know Collins was a potential responsible third party at the time she filed her suit. *See In re Dakota Directional Drilling, Inc.*, 549 S.W.3d 288, 292 (Tex. App.—Fort Worth 2018, no pet.) (finding designation of driver of vehicle as responsible third party was not prejudicial to plaintiffs who were passengers in his vehicle at the time of the accident); *see also In re Bustamante*, 510 S.W.3d 732, 737 (Tex. App.—San Antonio 2016, no pet.) ("[W]e read section 33.004(d) to require a defendant to disclose a potential responsible third party before the expiration of the statute of limitations, if that is possible."). Despite

6

her knowledge of Collins's involvement, the mandamus record demonstrates MUB failed to disclose her to Main Street until March 6, 2025. Upon receiving her amended disclosure naming Collins, Main Street diligently conducted its deposition the following month, and then quickly moved to designate Collins as a responsible third party following the deposition.[5]

At the hearing, Apodaca also urged Main Street could have and should have conducted discovery within the limitations period. We note Apodaca had filed her suit— as her counsel admitted—one day before the expiration of limitations. Before the suits were consolidated into one proceeding, Main Street's disclosures to Apodaca would have been due after limitations ran. TEX. R. CIV. P. 194.2(a); *In re Mobile Mini, Inc.*, 596 S.W.3d 781, 785 (Tex. 2020) ("Plaintiffs who wait until days before limitations expire to file suit do so at their peril."). Nonetheless, Apodaca argues Main Street should have made the disclosure to MUB, as MUB filed suit six months before limitations ran. Even if we assume, arguendo, Main Street could have discovered Collins and her involvement in the intervening six months, Apodaca does not point to any duty or obligation on the part of Main Street to engage in discovery to seek out potential responsible third parties. Indeed, there is nothing in the Rules of Civil Procedure, save for making initial disclosures, which

---

[5] MUB's counsel also claimed Main Street received a copy of an investigative report produced by the Lubbock Police Department with her initial disclosures on October 31, 2023. But, despite language in the disclosure responses stating the document was attached, the copies of MUB's disclosures presented in this Court do not contain any attachments. The hearing transcript also does not indicate a copy of the referenced report was presented to the trial court, and the report was not attached to the filed written responses by Apodaca or MUB. Thus, there is no evidence MUB actually served the copy of the report. MUB's counsel and the trial court also made comments Main Street could have obtained a copy of the report without the disclosure, as it was available to the public. However, there is no evidence Main Street actually did so.

7

obligates a party to conduct any discovery at all. TEX. R. CIV. P. 193.1, 194.1.[6] Therefore, until Main Street had actual knowledge of the facts allowing it to reasonably determine Collins was a potential responsible third party, it had no obligation to disclose her. *Id.*

We hold Main Street did not fail to comply with its obligations to timely disclose Collins may be designated as a responsible third party under the Texas Rules of Civil Procedure. The trial court abused its discretion in denying Main Street's motion for leave to designate Collins as a responsible third party. Because Main Street does not have an adequate remedy by appeal by the denial of its motion as a matter of law, it is entitled to mandamus relief. *In re Coppola*, 535 S.W.3d at 509–10.

## CONCLUSION

We hold the trial court abused its discretion in denying the motion for leave to designate Latoya Collins as a responsible third party and Main Street does not have an adequate remedy by appeal. Relator Main Street has demonstrated it is entitled to mandamus relief. Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate its ruling and to grant Main Street's motion to designate Latoya Collins as a responsible third party. We will issue a writ of mandamus only if the trial court fails to conduct proceedings in accordance with this opinion on or before October 17, 2025.

---

[6] The courts of this State have struggled with finding the proper "balance" in the application of section 33.004. *See In re Mobile Mini, Inc.*, 596 S.W.3d 781, 785–87 (Tex. 2020) (discussing legislative and caselaw history of section 33.004 and the desire to deter "gamesmanship" by plaintiffs and defendants in the application of the rule). However, none have found an implied duty on the part of defendants to actively conduct discovery to determine a responsible third party before limitations runs on plaintiffs' claims.

8

We also deny Main Street's motion for emergency temporary relief to stay the trial court's proceedings, which has been rendered moot by the disposition of its petition for writ of mandamus.  TEX. R. APP. P. 47.1.


                                        Alex Yarbrough
                                        Justice