MARK T. PITTMAN, JUSTICE
Relators Dakota Directional Drilling, Inc. (Dakota) and Gabriel Plascencia (Plascencia) filed a petition for writ of mandamus in this court on January 3, 2018, asking us to direct Respondent, the Honorable John P. Chupp, to set aside his order of November 20, 2017 denying Relators leave to designate a responsible third party. The motion to designate was timely under the circumstances presented here. See Tex. Civ. Prac. & Rem. Code Ann. § 33.004 (West 2015). Because trial courts have no discretion to deny a timely filed motion to designate absent a pleading defect and an opportunity to cure-which did not occur here-we conditionally grant the requested relief.
BACKGROUND
On March 20, 2015, Plascencia was driving a Ford F750 truck owned by Dakota while hauling a trailer and traveling southbound on the 300 block of South Beach Street in Fort Worth, Texas. Also traveling southbound on the 300 block of South Beach Street in front of Plascencia was driver Lenard Bundick. Riding with Bundick in his vehicle were Real Parties in Interest Lesli Barwick and Renaldo Cardenas (collectively, Plaintiffs). When Bundick's vehicle slowed in an attempt to make a U-turn, Plascencia's truck collided with the rear of Bundick's vehicle.
On March 17, 2017, Plaintiffs filed their original petition suing Relators for negligently causing the accident, a mere three days prior to the running of the two-year statute of limitations for such actions. See Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West 2017). Bundick was not named as a defendant. On March 20, 2017, Plaintiffs filed their First Amended Petition. Citations, enclosing Plaintiffs' Original and First Amended Petitions and Requests for Disclosure, were served via certified U.S. mail on Plascencia on March 23, 2017 and on Dakota on March 30, 2017.
Relators did not answer the lawsuit or respond to the Requests for Disclosure until August 21, 2017. In their responses to the Requests for Disclosure, Relators identified Bundick as an individual who may be designated as a responsible third party. Thirty days later, on September 21, 2017, Relators filed their Motion for Leave to Designate Responsible Third Party, naming Bundick as a responsible third party for his alleged negligence in causing or contributing to the motor vehicle accident. Plaintiffs objected to Relators' motion to designate on the sole ground that Relators' failed to timely identify Bundick as a potential *290 responsible third party within fifty days in their responses to Plaintiffs' Requests for Disclosure that were served with the lawsuit.
The trial court held a hearing on Plaintiffs' objection to the designation of Bundick on October 26, 2017, and the court denied the designation on the basis that Relators did not timely respond to the Requests for Disclosure. Relators seek this mandamus asserting that they have no adequate remedy by appeal to address the trial court's denial of their designation of Bundick.
ANALYSIS
I. Standard of Review
Relators must demonstrate that the trial court clearly abused its discretion and that they have no adequate remedy through an appeal to prevail on their petition for writ of mandamus. In re H.E.B. Grocery Co. , 492 S.W.3d 300, 304 (Tex. 2016) (orig. proceeding); In re Prudential Ins. Co. of Am. , 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). An abuse of discretion occurs if the trial court is shown to have failed to analyze or apply the law correctly. In re Sw. Bell Tel. Co., 226 S.W.3d 400, 403 (Tex. 2007) (orig. proceeding); Walker v. Packer , 827 S.W.2d 833, 840 (Tex. 1992). Recently, the Texas Supreme Court has held that "ordinarily, a relator need only establish a trial court's abuse of discretion to demonstrate entitlement to mandamus relief with regard to a trial court's denial of a timely-filed section 33.004(a) motion." In re Coppola, 535 S.W.3d 506, 510 (Tex. 2017) (orig. proceeding); see also In re United Parcel Serv., Inc. , No. 09-18-00002-CV, 2018 WL 753503, at *5 (Tex. App.-Beaumont Feb. 8, 2018, orig. proceeding) (mem. op.) (where trial court abused its discretion by denying motion for leave to designate responsible third parties, there was no "adequate remedy by appeal from the trial court's error").
II. The Statutory Procedure for Designating Responsible Third Parties
The procedure for designating responsible third parties in tort actions is established by statute. See Tex. Civ. Prac. & Rem. Code Ann. § 33.004. Section 33.004 of the Texas Civil Practice and Remedies Code provides: "A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party." Id. § 33.004(a). Further, "[t]he motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." Id. Finally, the trial "shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served." Id. at § 33.004(f) (emphasis added); see also Tex. Gov't Code Ann. § 311.016 (West 2013) (stating that under the Code Construction Act, using the word "shall" in a statute imposes a duty).
The bases on which an objection to a party's request to designate a responsible third party may be granted are specific and limited by the statute. See Tex. Civ. Prac. & Rem. Code Ann. § 33.004(g). Pursuant to section 33.004(g) of the Texas Civil Practice and Remedies Code : (1) the objection to the designation must be timely filed; (2) the objecting party must establish that the party seeking to designate the responsible third party failed to plead sufficient facts about the responsible third party's liability to satisfy the pleading requirements of the Texas Rules of Civil Procedure; and (3) the party seeking to designate the responsible third party must be shown to have failed to plead sufficient *291 facts after the trial court gave it an opportunity to cure the pleading deficiencies. Id. ; see also United Parcel Serv. , 2018 WL 753503, at *4-5.
III. The Trial Court Abused Its Discretion and Defendants Have No Adequate Remedy on Appeal.
Plaintiffs did not object to the motion for leave to designate Bundick as a responsible third party as untimely because it was filed with less than 60 days before trial or even that Relators' motion to designate was filed outside of the two-year statute of limitations (an impossibility for Relators since they were not even served with the lawsuit until after the statute of limitations had expired). Rather, Plaintiffs argue that that Relators' motion to designate Bundick was untimely because Relators' responses to Plaintiffs' Requests for Disclosure (which identified Bundick as a possible responsible third party), served with Relators' answer, were served approximately 140 days after the service of the lawsuit, making such responses about 90 days late.[1]
We determine that Plaintiffs' objection to the timeliness of Relators' motion to designate Bundick is without merit and strongly hints of an ill-advised attempt to procedurally game Relators out of their statutory right to designate a responsible third party. In support of this determination, we turn to our sister court's decision in In re Bustamante , 510 S.W.3d 732 (Tex. App.-San Antonio 2016, orig. proceeding) (en banc), where, similar to this case, the plaintiffs waited to file suit until the day before the limitations period expired and included requests for disclosure with their petition. Id. at 736. There, the defendant did not respond to the requests for disclosure and thus did not disclose any potential responsible third parties. Id. When the defendant attempted to designate a responsible third party, the plaintiffs contended "a defendant loses the statutory right to designate responsible third parties if the defendant fails to respond to a request for disclosure of potential responsible third parties within the deadline contained in Rule 194.3." Id.
In language wholly applicable here, the San Antonio Court of Appeals then held that the plaintiffs' position was:
inconsistent with Texas Rule of Civil Procedure 193.6(a), which allows a party who fails to respond to discovery to introduce the undisclosed material or information into evidence if the party shows either (1) good cause existed for the failure to respond to the discovery or (2) the other party will not be unfairly surprised or unfairly prejudiced by the failure to timely respond. TEX. R. CIV. P. 193.6(a). To hold as the [plaintiffs] suggest would convert Rule 194.2(l) into a technical trap. A party who fails to timely respond to a request for disclosure of information regarding a person who may be designated as a responsible third party would lose the statutory right to designate responsible third parties.... We do not read [Texas Civil Practice and Remedies Code] Section 33.004(d) so narrowly. Instead, we read section 33.004(d) to require a defendant to disclose a potential responsible third party before the expiration of the statute of limitations, if that is possible.
Id. , 510 S.W.3d at 736-37. We agree with the court of appeals's reasoning.
As in Bustamante , Relators did not fail to comply with their duty to timely *292 disclose Bundick as a potential responsible third party because it was impossible for them to make such a disclosure before the expiration of the statute of limitations: Plaintiffs filed their suit three days before limitations expired and did not serve one Relator until a week later and the other was not served until almost two weeks had passed.
Further, as he was the driver of the vehicle they were riding in when the accident occurred, it defies all credulity to suggest that Plaintiffs did not know that Bundick was a potential responsible third party.
But even if Plaintiffs were somehow unaware that Bundick was a potential responsible third party, Realtors' disclosure of Bundick as a possible third party was made far in advance of any trial date. And, Plaintiffs failed to raise the statutorily permitted objection in Section 33.004(g) because they did not allege that Relators failed to meet the notice pleading requirements under the Texas Rules of Civil Procedure.[2] Tex. Civ. Prac. & Rem. Code Ann. § 33.004(g)(1).
As a result, we hold that Relators complied "with [their] obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure." See Tex. Civ. Prac. & Rem. Code Ann. § 33.004 ; Bustamante , 510 S.W.3d at 737 ; accord In re CVR Energy, Inc. , 500 S.W.3d 67, 73 (Tex. App.-Houston [1st Dist.] 2016, orig. proceeding).
Therefore, the trial court's refusal to allow Relators to designate Bundick as a responsible third party, given that the designation was filed early in the lawsuit and well in advance of the 60th day before any trial date, was arbitrary and a clear abuse of discretion. Based on this record, we hold that the trial court clearly abused its discretion by denying the motion to designate Bundick as a responsible third party. Consistent with recent precedent from the Texas Supreme Court, we additionally hold that Relators have no adequate remedy by appeal from the trial court's error, entitling them to mandamus relief. See Coppola , 535 S.W.3d at 510 ; United Parcel Serv. , 2018 WL 753503, at *5 ; see also CVR Energy , 500 S.W.3d at 81 (allowing a lawsuit to proceed to trial when there is an erroneous denial of a responsible third party designation "would 'skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of (the relators') defense in ways unlikely to be apparent in the appellate record' ") (footnote omitted).
CONCLUSION
Having determined that Respondent abused his discretion, we conditionally grant the petition for writ of mandamus. We order the trial court to make a written ruling vacating the November 20, 2017 order denying Relators leave to designate a responsible third party. Because we are confident that Respondent will comply with this directive, the writ will issue only if he fails to do so.
GABRIEL, J., concurs without opinion.

Pursuant to Rule 194.3 of the Texas Rules of Civil Procedure, a response to a request for disclosure served before the defendant's answer is due "50 days after service of the request." Tex. R. Civ. P. 194.3.

We also note that even if, as Plaintiffs argue, the rules pertaining to requests for disclosure were incorporated into section 33.004, Plaintiffs' lack of unfair surprise or unfair prejudice under the circumstances here would still amount to an abuse of the trial court's discretion.