

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00028-CV

———————————————

IN RE SKIPPER JOEL BERTRAND, M.D., CHARLES YIENG-CHU SU, M.D., AND BEACON EMERGENCY SERVICES TEAM, P.A., Relators

---

Original Proceeding
Trial Court No. 048-300202-18

---

Before Gabriel, Womack, and Wallach, JJ.
Opinion by Justice Wallach

# OPINION

This is a mandamus action arising from the trial court's denial of the joint motion for leave to designate responsible third parties filed by Relators Skipper Joel Bertrand, M.D., Charles Yieng-Chu Su, M.D., and Beacon Emergency Services Team, P.A. (movants). *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.004(a), (d). Real Parties in Interest Lori and Michael Rawson (plaintiffs) objected to the motion, contending that movants had not complied with their obligation to timely disclose the two doctors named in the motion as responsible third parties under Rule 194.2(l) of the Texas Rules of Civil Procedure, as required by Section 33.004(d). Tex. Civ. Prac. & Rem. Code Ann. § 33.004(d); Tex. R. Civ. P. 194.2(l). The trial court overruled plaintiffs' objection in part, holding that movants had no duty to respond to plaintiffs' requests for disclosure before plaintiffs' limitations against the responsible third parties expired. However, the trial court also sustained plaintiffs' objection in part because movants, after plaintiffs' limitations against the responsible third parties expired, failed to seasonably supplement their discovery responses regarding responsible third parties. We hold that movants' conduct, in failing to respond and seasonably supplement disclosure responses regarding potential responsible third parties after plaintiffs' limitations had expired against the potential responsible third parties, was immaterial to whether movants failed to timely disclose potential responsible third parties for purposes of Section 33.004(d). *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.004(d). Therefore, we conclude that the portion of the trial

2

court's order denying movants' joint motion for leave to designate responsible third parties constituted an abuse of discretion. We conditionally grant the writ of mandamus.

### Factual Background

This case involves a health care liability claim. Plaintiffs sued multiple defendants arising from Mrs. Rawson's care and treatment over a several-day period. Plaintiffs claimed that defendants were negligent in failing to timely diagnose and treat an infection in her spine, resulting in paralysis. Movants are three of the defendants. Movants allegedly provided care and treatment to Mrs. Rawson on May 16–17, 2016, in the emergency department at Baylor Medical Center at Grapevine. For purposes of our discussion on limitations, we will use May 17, 2016, as the operative date.

On April 10, 2018, plaintiffs served a notice of health care liability claim on movants. On June 11, 2018, plaintiffs filed their original petition with request for disclosure, which included a request for the identity of potential responsible third parties. On June 13, 2018, Beacon was served with the petition and request for disclosure. On June 22, 2018, Dr. Su was served, and Dr. Bertrand was served on June 27, 2018. On June 28, all three movants filed their original answers. Beacon's disclosure responses were due August 2, 2018, Dr. Su's on August 11, 2018, and Dr. Bertrand's on August 16, 2018. However, the statute of limitations on plaintiffs' claims expired on July 31, 2018, before any of the disclosure responses were due. *See id.* §§ 74.051(c), 74.251.

3

On August 9, 2018, movants served their responses to the disclosure requests. In those responses, movants did not assert that discovery was stayed or otherwise object to answering the requests as to responsible third parties. They did not identify anyone as a potential responsible third party.

Movants served their first supplemental responses to the requests for disclosure on September 6, 2019, but did not identify the alleged responsible third parties. Shortly thereafter, on September 30, 2019, movants disclosed Dr. Horowitz as an expert witness who, by disclosure and in his report, was critical of both Dr. Aryan and Dr. Boggaram, other doctors who had participated in Mrs. Rawson's care on May 16–17. Movants served their second supplemental disclosure responses on November 4, 2019, disclosing Drs. Aryan and Boggaram as potential responsible third parties. That same day, more than sixty days before trial, movants filed a joint motion for leave to designate wherein they sought permission from the trial court to designate Drs. Aryan and Boggaram as responsible third parties. The parties then filed a series of objections and responses.

The positions of the parties may be summarized as follows: Movants contend that the date relevant to timeliness of disclosure of responsible third parties is the date of the expiration of limitations on plaintiffs' claims against the responsible third parties, assuming there is a duty to disclose by that date. Any failure to disclose or supplement such information after the expiration of limitations is not relevant to Section 33.004(d). *See id.* § 33.004(d).

4

Plaintiffs contend that through pre-suit notice-of-claim document production and record releases, movants had adequate opportunity to investigate the facts of the case, including the roles of Drs. Aryan and Boggaram, such that movants could have disclosed them and should have been required to disclose them before July 31, 2018, to preserve their ability to later designate them as responsible third parties. Further, plaintiffs contend that the timeliness-of-disclosure obligation extends past the expiration of plaintiffs' limitations against the responsible third parties. They argue that if a failure to timely disclose in response to a request for disclosure occurs after limitations has expired, then such constitutes a defense to allowing the designation of responsible third parties under the wording of Section 33.004(d). *See id.* In this regard, plaintiffs contend that movants had ample opportunity to disclose Drs. Aryan and Boggaram as potential responsible third parties long before they sought to designate them. As a result, they were not timely supplemented and movants are not entitled to designate them. Plaintiffs also contend that the opinions designated in Dr. Horowitz's report regarding Drs. Aryan and Boggaram were exposed as frivolous when his deposition was taken shortly before the scheduled trial date.

On January 15, 2020, the trial court heard the movants' joint motion for leave to designate and related pleadings. At the end of the hearing, the trial court took the matter under advisement. Later that day, the trial court signed an order denying the joint motion for leave to designate, stating no reasons for the ruling. On January 21, 2020, the trial court made a supplemental ruling on the record during a pretrial

hearing, explaining the rationale for its denial of the joint motion for leave to designate. The trial court stated that movants had no duty to disclose Drs. Aryan and Boggaram as of July 31, 2018, when limitations expired. However, the trial court found that movants did have an obligation to disclose the two potential responsible-third-party doctors with their original disclosure responses on August 9, 2018, and as of September 6 and September 30, 2019, when other disclosures were supplemented, but no disclosure was made of Drs. Aryan and Boggaram. In short, movants failed to timely supplement their disclosure responses after limitations expired, thereby depriving them of their right to designate these responsible third parties.

## Discussion

### I.      Standard of Review

Movants must establish that the trial court clearly abused its discretion in denying their joint motion for leave to designate responsible third parties to prevail on their petition for writ of mandamus. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 304 (Tex. 2016) (orig. proceeding); *In re Dakota Directional Drilling, Inc.*, 549 S.W.3d 288, 290 (Tex. App.—Fort Worth 2018, orig. proceeding). A court abuses its discretion if it fails to analyze or apply the law correctly. *In re Sw. Bell Tel. Co.*, 226 S.W.3d 400, 403 (Tex. 2007) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding); *Dakota Directional Drilling*, 549 S.W.3d at 290. A trial court has no discretion in determining what the law is or in applying the law to the facts, even when the law is unsettled. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d

6

124, 135–36 (Tex. 2004) (orig. proceeding); *In re Bustamante*, 510 S.W.3d 732, 735 (Tex. App.—San Antonio 2016, orig. proceeding).

Movants must also establish that they have no adequate remedy at law. *See Dakota Directional Drilling Inc.*, 549 S.W.3d at 290. However, there is no adequate remedy at law when a trial court denies a timely filed motion for leave to designate a responsible third party under Texas Civil Practice and Remedies Code Section 33.004(a). *In re Mobile Mini, Inc.*, No. 18-1200, 2020 WL 1224169, at *5 (Tex. Mar. 13, 2020) (orig. proceeding); *In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017) (orig. proceeding).

## II.  Statutory and Rules Framework for Designating Responsible Third Parties

Designation of responsible third parties is governed by Section 33.004 of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. § 33.004. Subsection (a) provides:

> A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.

*Id.* § 33.004(a); *see also Dakota Directional Drilling, Inc.*, 549 S.W.3d at 290. A motion for leave to designate a responsible third party shall be granted unless another party files an objection on or before the 15th day after the motion was filed. Tex. Civ. Prac. & Rem. Code Ann. § 33.004(f). Two subsections in Section 33.004 address objections

7

to or limitations on the trial court's duty to initially grant such a timely filed motion. *Id.* § 33.004(d), (g). Subsection (d), which is the subsection critical to this mandamus petition, provides:

> A defendant may not designate a person as a responsible third party with respect to a claimant's cause of action after the applicable limitations period on the cause of action has expired with respect to the responsible third party if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure.

*Id.* § 33.004(d).

Rule 194 of the Texas Rules of Civil Procedure governs disclosure of potential responsible third parties. Tex. R. Civ. P. 194. Rule 194.2(l) provides that a party may request disclosure of the name, address, and telephone number of any person who may be designated as a responsible third party. Tex. R. Civ. P. 194.2(l). When requests for disclosure are served before the defendant's answer to the petition is due, such as here, where they were served with the citation and petition, the defendant "need not respond" until 50 days after the service of the request. Tex. R. Civ. P. 194.3. Nothing in Section 33.004(d) imposes on a defendant an obligation to respond earlier than required by the Texas Rules of Civil Procedure. *Mobile Mini*, 2020 WL 1224169, at *4.

Rule 193.5 addresses the duty to amend or supplement written discovery. Tex. R. Civ. P. 193.5. As it pertains to this proceeding, subsection (b) provides, in pertinent part, that an amended or supplemental response must be made "reasonably

8

promptly" after the party discovers the necessity for amendment or supplementation. Tex. R. Civ. P. 193.5(b).

## III. Statutory Construction

### A. Rules of Construction

We apply similar rules of construction to statutes and rules of procedure. *In re VanDeWater*, 966 S.W.2d 730, 732 (Tex. App.—San Antonio 1998, orig. proceeding); *Burrhus v. M&S Supply, Inc.*, 933 S.W.2d 635, 640 (Tex. App.—San Antonio 1996, writ denied). The meaning of a statute is a legal question which the court reviews de novo. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). The primary objective in statutory construction is to give effect to the Legislature's intent. *City of Dallas v. TCI West End, Inc.*, 463 S.W.3d 53, 55 (Tex. 2015); *Boenig v. StarnAir, Inc.*, 283 S.W.3d 444, 446 (Tex. App.—Fort Worth 2009, no pet.). To achieve this, "we look first and foremost to the words of the statute." *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 85 (Tex. 2006); *see Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999). We construe the statute's words according to their plain and common meaning unless a contrary intention is apparent from the context or unless such a construction leads to absurd results. *Hebner v. Reddy*, 498 S.W.3d 37, 41 (Tex. 2016); *Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 930 (Tex. 2010); *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008).

However, a statute is ambiguous if the words used are susceptible to two or more reasonable interpretations and the court cannot discern Legislative intent in the

9

language of the statute itself. *City of Richardson v. Oncor Elec. Delivery Co., LLC*, 539 S.W.3d 252, 261 (Tex. 2018); *Tex. State Bd. of Exam'rs of Marriage and Family Therapists v. Tex. Med. Ass'n*, 511 S.W.3d 28, 41 (Tex. 2017). Where "the language [of a statute] is susceptible of two constructions, one of which will carry out and the other defeat (its) manifest object, (the statute) should receive the former construction." *Hebner*, 498 S.W.3d at 41 (quoting *Citizens Bank of Bryan v. First State Bank*, 580 S.W.2d 344, 348 (Tex. 1979) (cited in Antonin Scalia & Bryan A. Garner, *Reading Law* 63 (2012))). If a statute is ambiguous, i.e., susceptible to more than one reasonable interpretation, the court will

> presume that the entire statute is intended to be effective and that a just and reasonable result is intended. Tex. Gov't Code Ann. § 311.021(2), (3) . . . . We may consider the object sought to be attained, the circumstances under which the statute was enacted, former provisions, and the consequences of a particular construction. *Id.* § 311.023 . . . . We may consider the legislative history of a statute regardless of whether the statute is considered ambiguous on its face. *Id.* § 311.023(3).

*S & P Consulting Eng'rs, PLLC v. Baker*, 334 S.W.3d 390, 396 (Tex. App.—Austin 2011, no pet.).

## B. History of Responsible-Third-Party Legislation

In The Medical Malpractice & Tort Reform Act of 2003, "HB 4," the Legislature made several changes to proportionate liability law in Texas. Of significance were changes made regarding the procedure for handling responsible third parties. The Medical Malpractice & Tort Reform Act of 2003, 78th Leg., R.S., ch. 204, §§ 4.04–.05, 2003 Tex. Gen. Laws 847, 855–57 (codified at Tex. Civ. Prac. &

Rem. Code Ann. §§ 33.004(a), (b), (e), (f)–(l), 33.011(6)) (current version at Tex. Civ. Prac. & Rem. Code Ann. §§ 33.004(a), (b), (d), (f)–(l), 33.011(6)).[1]  Prior to HB 4, a defendant generally could seek to join a responsible third party into a case if the responsible third party had not been sued by the claimant and the claimant's statute of limitations against the defendant had not yet expired.  Even if the claimant's limitations period against the newly joined responsible third party had expired, then-effective Section 33.004(e) of the Texas Civil Practice and Remedies Code allowed the claimant to make a claim against the responsible third party within sixty days after the joinder was allowed.  Thus, a claimant's position vis-à-vis the responsible third party related to limitations was protected because his otherwise time-barred claim could be revived.  Act of May 8, 1995, 74th Leg., R.S., ch. 136, § 1, 1995 Tex. Gen. Laws 971, 972–73 (codified at Tex. Civ. Prac. & Rem. Code Ann. § 33.004(a), (d), (e)) (amended 2003) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 33.004(a), (d)).

---

[1]The concept of a "responsible third party" was first introduced into Texas law in 1995.  Act of May 8, 1995, 74th Leg., R.S., ch. 136, § 1, 1995 Tex. Gen. Laws 971, 972–73 (codified at Tex. Civ. Prac. & Rem. Code Ann. §§ 33.003–.004) (current version at Tex. Civ. Prac. & Rem. Code Ann. §§ 33.003–.004).  A detailed discussion of the evolution of the definition of a *responsible third party* from 1995 to the present is not necessary for this analysis.  Recognizing that the definition of the term has been amended on occasions over time, it has generally involved a person who may have responsibility for the claimant's alleged damages but has not been sued by the claimant or was sued and later nonsuited by the claimant, among other criteria not pertinent here, including provisions for designating unknown responsible third parties.

HB 4, in 2003, modified this scheme to abolish actual joinder of responsible third parties in favor of a designation of responsible third parties without joinder. Under the amendments, a defendant was required to file a motion to seek leave to designate a person as a responsible third party, and a procedure was established for deciding the motion. If the motion was granted, the claimant had sixty days from the designation date under then-effective Section 33.004(e) to assert any claim directly against the responsible third party, even if his limitations period had expired against the responsible third party. Again, the Legislature preserved a means for the claimant to assert otherwise time-barred claims against a responsible third party through a claim revival provision. Additionally, the Legislature directed the Supreme Court of Texas to amend Rule 194.2 of the Texas Rules of Civil Procedure to include disclosure of the name, address, and telephone number of any person who may be designated as a responsible third party. The Medical Malpractice & Tort Reform Act of 2003, 78th Leg., R.S., ch. 204, §§ 4.04–.05, 4.10, 4.12, 2003 Tex. Gen. Laws 847, 855–57 (codified at Tex. Civ. Prac. & Rem. Code Ann. §§ 33.004(a), (b), (e), (f)–(l), 33.011(6)) (amended 2011) (current version at Tex. Civ. Prac. & Rem. Code Ann. §§ 33.004(a), (b), (d), (f)–(l), 33.011(6)).[2]

---

[2]HB 4 contained a provision which established that the statute of limitations for health care liability claims governs those claims notwithstanding any other law. The Medical Malpractice & Tort Reform Act of 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 872 (codified at Tex. Civ. Prac. & Rem. Code Ann. § 74.251(a)). On January 21, 2011, in *Molinet v. Kimbrell*, 356 S.W.3d 407 (Tex. 2011),

Statutes are presumed to have been enacted by the Legislature with complete knowledge of existing law and with reference to it. *Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990); *Williams v. Williams*, 19 S.W.3d 544, 547 (Tex. App.—Fort Worth 2000, pet. denied). Rule 194 was adopted by the Supreme Court effective January 1, 1999. *Order of Final Approval of Revisions to the Texas Rules of Civil Procedure*, Misc. Docket No. 98–9196 (Tex. Nov. 9, 1998), *reprinted in* 61 Tex. B.J. 1140, 1140 (1998). Pursuant to the Legislature's directive, the Supreme Court added Subsection (l), regarding disclosure of potential responsible third parties, to Rule 194.2 on March 3, 2004. Tex. R. Civ. P. 194.2 historical notes. Subsection (l) was made effective to all cases filed on or after July 1, 2003, in which a request for disclosure would be served after May 1, 2004. *Id.*

After the *Molinet* opinion, responsible-third-party practice was revisited by the Legislature in 2011. Act of May 24, 2011, 82nd Leg., ch. 203, §§ 5.01–.02, 2011 Tex. Gen. Laws 757, 759 (codified at Tex. Civ. Prac. & Rem. Code Ann. § 33.004(d)). Prior Civil Practice and Remedies Code Section 33.004(e) was repealed. *See* Act of May 8, 1995, 74th Leg., R.S., ch. 136, § 1, sec. 33.004(e), 1995 Tex. Gen. Laws 971,

---

the Supreme Court held that Chapter 74's "notwithstanding any other law" provision trumped the sixty-day claim revival provision established under HB 4 for a claimant's time-barred claims against a responsible third party in a health care liability claim. This left a clear dichotomy between health care liability claims where plaintiffs had no claim revival protection on late third-party designations and other cases where plaintiffs would have such protection.

973, *amended by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 4.04, sec. 33.004(e), 2003 Tex. Gen. Laws 847, 856, *repealed by* Act of May 24, 2011, 82nd Leg., R.S., ch. 203, § 5.02, sec. 33.004(e), 2011 Tex. Gen. Laws 757, 759. That provision had allowed a claimant to file a claim against a person designated as a responsible third party within sixty days of the designation of responsible-third-party status, even if the claim was time-barred. The repeal left the responsible-third-party provisions without the claim revival protection for claimants that had previously existed from 1995 until 2011. Presumably to fill this void, the Legislature also amended Section 33.004(d) to read as follows:

> A defendant may not designate a person as a responsible third party with respect to a claimant's cause of action after the applicable limitations period on the cause of action has expired with respect to the responsible third party if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure.

Tex. Civ. Prac. & Rem. Code Ann. § 33.004(d). Thus, although the Legislature removed the previous claim revival provision, it amended the statute to protect claimants regarding attempts to designate responsible third parties after a claimant's limitations had expired. The Legislature chose to do this through service of and responses to requests for disclosure regarding the identity of potential responsible third parties, disclosure of which it had directed the Supreme Court in 2003 to include in Rule 194.2, which was effectuated by the Court in 2004. As observed by the Court in *Mobile Mini*:

Section 33.004(d) [as amended] flipped the script. Instead of allowing a plaintiff to join a time-barred responsible third party within sixty days of the defendant's responsible-third-party designation, section 33.004(d) now places the burden on the defendant to timely disclose potentially responsible third parties or risk forfeiting the ability to designate such persons as responsible third parties after limitations has expired.

2020 WL 1224169, at *4.

Rule 194 was obviously known to the Legislature when it amended Section 33.004(d) in 2011. Thus, Rule 194.2(l) and Section 33.004(d) should be construed together as being in pari materia. *See VanDeWater*, 966 S.W.2d at 732 (stating that a rule of procedure and statute which address the same subject matter, have the same general purpose, and relate to the same conduct are considered in pari materia and should be harmonized); *see also Click v. Tyra*, 867 S.W.2d 406, 407–08 (Tex. App.— Houston [14th Dist.] 1993, orig. proceeding) (op. on reh'g).

## IV. Analysis

### A. Movants' Failure to Designate Responsible Third Parties Before Expiration of Limitations

In its supplemental ruling in this case, the trial court held that movants had no duty to disclose the alleged responsible third parties as of July 31, 2018, the day that plaintiffs' statute of limitations expired. We agree. Section 33.004(d) requires a failure of a duty to disclose, if any, before such nondisclosure precludes the right to designate a responsible third party. Tex. Civ. Prac. & Rem. Code Ann. § 33.004(d). The question of whether defendants have a duty to respond to requests for disclosure before their due date under Rule 194 was answered in *Mobile Mini*:

15

> We agree with Mobile Mini that placing the onus on a defendant to respond before the Rules of Civil Procedure obligate it to do so not only contravenes section 33.004(d)'s express language but would also be unfairly prejudicial to defendants.

2020 WL 1224169, at *4. Therefore, in this regard, the trial court's ruling was a correct application of the law.

## B. Movants' Failure to Respond and Seasonably Supplement Requests for Disclosure After Limitations Expired

The trial court, in its supplemental ruling, held that movants had obligations to respond and supplement their disclosure responses regarding the alleged responsible third parties on August 9, 2018, and on several dates thereafter but failed to do so, resulting in a failure to "timely" disclose. Based on this failure to "timely" disclose, the trial court denied the joint motion for leave to designate. In so doing, the trial court impliedly held that it could look to discovery conduct solely occurring after the plaintiffs' limitations expired against the responsible third party to determine if the movants failed to "timely" disclose that the alleged responsible third parties could be designated as responsible third parties under Rule 194.2(l), thereby entitling the court to deny the motion for leave to designate. Because the application of "timely" is not defined in the statute, and the Supreme Court has not addressed this issue in the context of a situation involving solely post-limitations failure to disclose potential responsible third parties, we must attempt to ascertain the Legislature's intent in the use of this word in this context. *See Greater Houston P'ship v. Paxton*, 468 S.W.3d 51,

16

58–59 (Tex. 2015); *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011).[3]

As noted above, the first place to look for the Legislature's intent is the plain meaning of the words used by the Legislature. *Lexington Ins. Co.*, 209 S.W.3d at 85; *Fitzgerald*, 966 S.W.2d at 866. While there is no disagreement between the parties on the English meaning of the word "timely," there is disagreement as to its application in the context of the statute. Does "timely" refer to the application of the statute of limitations, or does it refer to the duty to respond to requests for disclosure and to seasonably supplement those responses? In the context of the statute, one could reasonably interpret "timely" to mean that a defendant must disclose potential responsible third parties before the plaintiffs' limitations expire against the responsible third parties, consistent with the purpose of the statute, to enable the plaintiffs an opportunity to sue them in a timely fashion. Likewise, one could reasonably interpret "timely" to mean that a defendant must disclose potential responsible third parties in compliance with the duties of disclosure and seasonable supplementation under the rules of civil procedure for the defendant to designate them as responsible third parties after limitations has expired. We are thus faced with a situation where a statute is reasonably susceptible to two different meanings.

---

[3]*Mobile Mini* involved a post-limitations designation of a responsible third party who was properly disclosed after limitations expired. 2020 WL 1224169, at *4.

17

The first rule of statutory construction we apply is that when a statute's language could be construed to have two different meanings, one which furthers the statute's purpose and the other which thwarts it, we construe the statute to further its purpose. *See Hebner*, 498 S.W.3d at 41. In *Hebner*, the statute at issue was former Section 74.351(a) of the Civil Practice and Remedies Code, which required a claimant to serve an expert report on the opposing party or counsel on or before 120 days after the date the original petition was filed. Act of May 18, 2005, 79th Leg., R.S., ch. 635, § 1, sec. 74.351(a), 2005 Tex. Gen. Laws 1590, 1590, *amended by* Act of May 26, 2013, 83d Leg., R.S., ch. 870, § 2, sec. 74.351(a), 2013 Tex. Gen. Laws 2217, 2217 (current version at Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a)); *Hebner*, 498 S.W.3d at 40. Failure to serve a timely report resulted in dismissal with prejudice under the statute upon the motion of the affected physician or health care provider. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b). The statute did not address the service of expert reports prior to filing suit. *See id.* § 74.351(a); *Hebner*, 498 S.W.3d at 42. Before suit was filed, the claimant served a qualifying expert report on the defendant after serving a pre-suit notice of claim. With the filing of the original petition, the claimant inadvertently served the defendant with a report intended for a different case but did not realize it until after the 120-day deadline had passed. The defendant moved to dismiss the case for failure to serve an expert report applicable to that case within 120 days after the filing of the original petition. The trial court denied the motion to dismiss, and the defendant took an interlocutory appeal. The defendant's contention

18

was that the report served prior to suit being filed did not comply with the statutory requirement that a report be served by the 120th day after the filing of the original petition, and the report served with the petition was no report at all for that case. *Hebner*, 498 S.W.3d at 41. Thus, the defendant argued that the case should have been dismissed with prejudice, which the court of appeals had ordered in reversing the trial court. *Id.* at 39–40. The question presented was "[w]hether an expert report served concurrently with a pre-suit notice letter is timely under section 74.351(a)?" *Id.* at 41.

The Court held that the Legislature's intent in passing Section 74.351(a) was to "identify and eliminate frivolous healthcare liability claims expeditiously, while preserving those of potential merit." *Id.* at 40 (citation and internal quotation marks omitted). The Court held that the statute was capable of two interpretations, "one . . . which [would] carry out [the statute's] object"—"[p]re-suit service of an expert report" expeditiously establishes a meritorious claim—and one which would defeat the object—an otherwise qualifying expert report which establishes a meritorious claim is ignored in favor of literal wording. *Id.* at 41, 42. The Court adopted the first construction. *Id.*

When a statute is reasonably susceptible of two meanings, a second applicable rule is that we presume that the Legislature intended the whole statute to be effective and intended its application to be just and reasonable. Tex. Gov't Code Ann. § 311.021(2), (3); *Baker*, 334 S.W.3d at 396. In determining the statute's meaning, we may consider its purpose, the context of its enactment, former laws, and the potential

19

effects of construing the statute in a certain way. Tex. Gov't Code Ann. § 311.023; *Baker*, 334 S.W.3d at 396. We may keep a statute's Legislative history in mind regardless of "whether . . . the statute is considered ambiguous on its face." Tex. Gov't Code Ann. § 311.023(3); *Baker*, 334 S.W.3d at 396.

With these rules of construction in mind, we begin our analysis of the meaning of "timely" by reviewing the purpose of Texas Civil Practice and Remedies Code Section 33.004(d). The purpose of this provision was addressed by our sister court in *In re CVR Energy, Inc.*:

> There are limitations to a defendant's ability to designate responsible third parties under Subsection 33.004. These limitations add "procedural safeguard[s]" that prevent a defendant from undercutting "the plaintiff's case by belatedly pointing its finger at a time-barred responsible third-party against whom the plaintiff has no possibility of recovery." *Withers . . .*, 13 F. Supp. 3d [at] 689 . . . . The first statutory limitation is that a defendant may not designate a responsible third party within 60 days of trial unless the court finds good cause. Tex. Civ. Prac. & Rem. Code Ann. § 33.004(a). The second is that a defendant may be precluded from designating a responsible third party if it had an obligation to disclose the person earlier but did not do so and the statute of limitations has run on the plaintiff's claim against the late-disclosed party . . . .

> *These timing limitations are part of a "statutory balance" created by the Legislature that seeks to address a defendant's interest in identifying nonparties who may have some culpability while recognizing that a plaintiff has time limitations on pursuing its claims against parties not already included in its suit. See Withers*, 13 F. Supp. 3d at 689.

500 S.W.3d 67, 73 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding [mand. denied]) (op. on reh'g) (emphasis added). These "principles and provisions" were utilized by the Supreme Court in *In re Dawson*, 550 S.W.3d 625, 629 (Tex. 2018). *See*

20

*also Dakota Directional Drilling, Inc.*, 549 S.W.3d at 291–92; *Bustamante*, 510 S.W.3d at 736. Thus, these courts agree that the objective of Section 33.004(d) is to prevent defendants from surreptitiously delaying disclosure of responsible third parties until after limitations has expired and then disclosing to deprive plaintiffs of an opportunity to make a timely claim against them.

This objective is consistent with the history of responsible-third-party legislation in Texas laid out above. Since 1995, with the advent of responsible-third-party practice, the Legislature has been concerned with the effect of late joinder or designation of responsible third parties. The 1995 Act provided plaintiffs with a right to make a claim against a newly joined responsible third party, even if that claim was time-barred, if done so within the time provided in the statute, i.e., a claim revival period.

In 2003, HB 4 modified the practice to no longer require joinder of responsible third parties, instead merely requiring them to be designated. However, the Legislature still allowed plaintiffs to make claims against newly designated responsible third parties, even though time-barred, if done within the statutorily allowed period, i.e., a claim revival period. The Legislature also directed the Supreme Court to amend Rule 194 to require disclosure of potential responsible third parties, which it did. Thus, the Legislature again dealt with preventing designation of responsible third parties after the plaintiffs' limitations expired, not only by allowing the sixty-day claim revival period but also by directing the Supreme Court to provide for disclosure of the

21

identity of potential responsible third parties, a practice designed to alert plaintiffs to the need to consider amending their pleadings within the limitations period.

After the *Molinet* decision in January 2011, it became apparent that responsible-third-party practice had divergent limitations applications between health care liability claims and non-health care liability claims. In the former, there was no claim revival period for time-barred claims against responsible third parties designated after the plaintiffs' limitations period had expired; in non-health care liability claims, there was a revival period. In the May 24, 2011 Act amending Section 33.004, the Legislature repealed Section 33.004(e) (which had provided the sixty-day claim revival period) and amended Section 33.004(d) to its current language. Tex. Civ. Prac. & Rem. Code Ann. § 33.004(d). The May 24, 2011 amendment restored equal treatment to both health care liability claims and non-health care liability claims. Both classes benefitted from the obligation of the defendant to "timely" disclose potential responsible third parties under Rule 194.2(l) while neither class had a revival period for time-barred claims against newly designated responsible third parties.

This history makes clear the object which the Legislature was attempting to address over time and its intent in doing so. Its intent has been to allow the allocation of responsibility to parties not sued by the plaintiffs by allowing defendants to bring that responsibility before the trier of fact for its consideration while at the same time protecting plaintiffs' claims against late designated responsible third parties. Originally, this purpose was accomplished by joinder of responsible third-party

22

defendants, but now it is accomplished by designation of responsible third parties. To protect plaintiffs from gamesmanship by defendants in post-limitations designation of responsible third parties, the Legislature initially allowed a revival period for time-barred claims by plaintiffs. Over time, this was adjusted to solely requiring "timely" disclosure of potential responsible third parties for defendants attempting to designate responsible third parties when plaintiffs' claims were time-barred.

As noted by our sister courts in *CVR Energy, Inc.*, 500 S.W.3d at 67, and *Bustamante*, 510 S.W.3d at 732, this was how the Legislature balanced these competing interests of defendants identifying nonparties who may have responsibility for a loss and plaintiffs needing to assert claims against them before limitations expires.

On the other side, the plaintiffs rely on *Dawson*, 550 S.W.3d at 625, and *In re VB Harlingen Holdings*, No. 13-19-00131-CV, 2019 WL 2707978, at *6–8 (Tex. App.—Corpus Christi June 27, 2019, orig. proceeding) (mem. op.), to support their contention that the trial court did not abuse its discretion. However, these two cases are distinguishable. Both cases dealt with situations where the plaintiffs served disclosure requests on the defendant prior to the expiration of the plaintiffs' limitations period against the responsible third party, and the defendant failed to disclose the responsible third party despite having an obligation to do so before limitations expired. Contrast this case where the plaintiffs filed suit shortly before limitations expired and sent disclosure requests at such a time that the responses were not due before limitations expired.

To consider discovery conduct of the defendant after the limitations period has expired in determining whether the defendant timely disclosed would do nothing to further the object of the statute, i.e., plaintiffs' limitations would have expired and nothing the defendant subsequently disclosed would change that result. In fact, the plaintiffs' conduct in deciding when to file suit can have just as great of an impact on their ability to preserve the right to sue responsible third parties as the conduct of the defendants. As noted by the Court in *Mobile Mini*:

> Mobile Mini's failure to disclose Nolana's identity before limitations expired was the natural consequence of Covarubbias's decision to wait to file suit until limitations were nearing terminus. *See Dawson*, 550 S.W.3d at 629; . . . *CVR Energy, Inc.*, 500 S.W.3d [at] 73 . . . (construing section 33.004(d) as providing "'procedural safeguard[s]' that prevent a defendant from undercutting 'the plaintiff's case by belatedly pointing its finger at a time-barred responsible third party against whom the plaintiff has no possibility of recovery'" (alteration in original) (quoting *Withers* . . . , 13 F. Supp. 3d [at] 688 . . . )); *see also Spencer v. BMW of N. Am., LLC*, No. 5:14-CV-869-DAE, 2015 WL 1529773, at *2 n.4 (W.D. Tex. Apr. 2, 2015) ("If the purpose of the timeliness requirement is to afford the plaintiff an opportunity to name the responsible third party as a defendant in the suit, Plaintiff eliminated such a possibility by filing her case so close to the expiration of the statute of limitations."). *Plaintiffs who wait until days before limitations expire to file suit do so at their peril. See* . . . *Bustamante*, 510 S.W.3d [at] 736–37 . . . (reversing denial of motion to designate when suit was filed one day before the statute of limitations expired); . . . *Dakota Directional Drilling, Inc.*, 549 S.W.3d [at] 291-92 . . . (three days before limitations expired); *Spencer*, 2015 WL 1529773, at *2 n.4 (eight days before limitations expired).

2020 WL 1224169, at *3 (emphasis added).

This case is an application of the principle discussed in *Mobile Mini*. Plaintiffs did not file suit until shortly before limitations ran against the potential responsible

third parties.  Their requests for disclosure to the defendants were served with the original petitions, and responses were not required to be served under the Rules of Civil Procedure until after plaintiffs' limitations against the responsible third parties had expired.  As in *Mobile Mini*, defendants were not required to respond until after limitations expired.  *Id.* at *2.  Therefore, it was the plaintiffs' conduct in the timing of their suit filing and service of discovery which failed to create a duty to disclose potential responsible third parties by the defendants before limitations expired.

Under our circumstance, the objective of the statute, i.e., disclosure before the expiration of plaintiffs' limitations against the responsible third parties, was not required, and prohibiting designation of responsible third parties due to delay in disclosure after the expirations of limitations would produce an absurd result by imposing a mandatory sanction on movants when plaintiffs delayed filing and service of requests for disclosure in such a manner as to defeat the objective of the statute. The application of law advocated by plaintiffs converts Section 33.004(d) into an automatic discovery sanction, i.e., *solely* post-limitations failure to disclose and seasonably supplement a Rule 194.2(l) potential responsible third party would result in the mandatory statutory sanction of denial of designation, for which there is no relief under the statute.  This, of course, could have serious due process implications because such a sanction could constitute a "death penalty sanction."  *TransAm. Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 918, 920 (Tex. 1991); *see In re Estate of Perez-Muzza*, 446 S.W.3d 415, 424–25 (Tex. App.—San Antonio 2014, pet. denied).

Additionally, use of this mandatory statutory sanction could result in conflict with the discovery rules, which allow the trial court discretion in administering sanctions for disclosure issues. This issue was addressed by the *Bustamante* court:

> The [plaintiffs] are essentially[] taking the position that a defendant loses the statutory right to designate responsible third parties if the defendant fails to respond to a request for disclosure of potential responsible third parties within the deadline contained in Rule 194.3. This is inconsistent with Texas Rule of Civil Procedure 193.6(a), which allows a party who fails to respond to discovery to introduce the undisclosed material or information into evidence if the party shows either (1) good cause existed for the failure to respond to the discovery or (2) the other party will not be unfairly surprised or unfairly prejudiced by the failure to timely respond. Tex. R. Civ. P. 193.6(a). To hold as the [plaintiffs] suggest would convert Rule 194.2(l) into a technical trap. A party who fails to timely respond to a request for disclosure of information regarding a person who may be designated as a responsible third party would lose the statutory right to designate responsible third parties, while a party that fails to respond to a request for disclosure of the information required by rules 194.2 (a)–(k) would not face such a penalty. We do not read Section 33.004(d) so narrowly. *Instead, we read section 33.004(d) to require a defendant to disclose a potential responsible third party before the expiration of the statute of limitations, if that is possible.*

510 S.W.3d at 736–37 (emphasis added). We agree with the *Bustamante* court's reasoning. No authority supports the conclusion that Section 33.004(d) was intended to serve as a statutory discovery sanction for conduct solely occurring after limitations had expired. If the issue is whether sanctions should be imposed because of discovery abuse, the trial court has great latitude under the Texas Rules of Civil Procedure to deal with such issues. The same is true regarding docket management issues such as continuances. There is no logical reason to impose such a mandatory sanction on conduct which is unrelated to the mandatory *remedy*.

26

It is our duty to harmonize rules and statutes that are in pari materia so that they do not conflict and to do so in a manner which makes both effectual. *Click*, 867 S.W.2d at 407. As noted by the court in *Ex Parte Wilkinson*:

> [T]o arrive at a proper construction of a statute, and determine the exact legislative intent, all acts and parts of acts in pari materia will, therefore, be taken, read, and construed together, each enactment in reference to the other, as though they were parts of one and the same law. Any conflict between their provisions will be harmonized, if possible, and effect will be given to all the provisions of each act if they can be made to stand together and have concurrent efficacy.

641 S.W.2d 927, 931 (Tex. Crim. App. 1982) (citing 53 Tex. Jur. 2d *Statutes* § 186 (1964)). We therefore conclude that the proper construction of the interplay between Section 33.004(d) and Rule 194.2(l) is:

> (1) where a defendant seeks to designate a responsible third party after the plaintiffs' limitations against the responsible third party has expired,

> (2) if the defendant had a duty to disclose under Rule 194.2(l) prior to the expiration of plaintiffs' limitations against the responsible third party and failed to do so at least in part before limitations ran, then

> (3) the defendant may be precluded from designating that person as a responsible third party; but

> (4) a defendant's discovery conduct occurring *solely* after the expiration of the plaintiffs' limitations period against the responsible third party is immaterial to the issue of timely disclosure for purposes of Section 33.004(d).

Our construction promotes the objective of Section 33.004(d), i.e., allowing the defendant to designate responsible third parties in a manner designed to minimize the risk of gamesmanship in delaying disclosure to deprive the plaintiffs of their opportunity to make a claim against the responsible third party within limitations.

27

This construction does not unreasonably conflict with the Rules of Civil Procedure, particularly those involving discovery abuse and docket management. While it does allow an overlap regarding merits defense and pre-limitations discovery conduct governance, such is necessary to implement the legislative objective. However, our construction avoids conflict on solely post-limitations discovery conduct, which is not necessary to accomplish the legislative objective of Section 33.004(d), leaving solely post-limitations discovery conduct subject to the authority of the trial court under the Rules of Civil Procedure and the trial court's inherent powers. Thus, we believe that our construction is analogous to the Supreme Court's *Hebner* holding: "[T]he best course is to adopt a construction that 'does the least damage to the statutory language[] and best comports with the statute's purpose.'" 498 S.W.3d at 42–43 (citing *Zanchi v. Lane*, 408 S.W.3d 373, 379–80 (Tex. 2013)).

We hold that the trial court's denial of movants' joint motion for leave to designate responsible third parties was an improper application of the law, hence an abuse of discretion. The Supreme Court has already established that there is no adequate remedy at law when a trial court denies a timely filed motion for leave to designate a responsible third party. *Mobile Mini*, 2020 WL 1224169, at \*5; *Coppola*, 535 S.W.3d at 510. We express no opinions on other issues which may be related to discovery abuse governed by the Texas Rules of Civil Procedure, pre-trial discovery orders, or otherwise.

28

Accordingly, we conditionally grant Relators' petition for writ of mandamus and direct the trial court to vacate its order denying their motion for leave to designate responsible third parties. The writ will issue only if the trial court fails to do so. *See* Tex. R. App. P. 52.8(c).

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: April 16, 2020