# Supreme Court of Texas

---

No. 21-0846

---

In re YRC Inc. d/b/a YRC Freight,

*Relator*

---

On Petition for Writ of Mandamus

---

**PER CURIAM**

Section 33.004 of the Texas Civil Practice and Remedies Code provides that a defendant in a tort action may designate a responsible third party by filing a motion for leave on or before the 60th day before the trial date, but the defendant may not do so after the limitations period on the plaintiff's cause of action has expired with respect to the third party. In this workplace injury case, defendants sought to designate the plaintiff's employer as a responsible third party 62 days before the suit's third trial setting and more than five years after the injury. The trial court denied the motion on the grounds that it was untimely and did not plead sufficient facts regarding the third party's responsibility. One of the defendants filed a mandamus petition in the court of appeals, which denied relief in a non-substantive opinion. __ S.W.3d __, 2021 WL 3828465 (Tex. App.—Dallas Aug. 27, 2021).

Under our recent decision in *In re Coppola*, 535 S.W.3d 506 (Tex. 2017), the motion was timely filed more than sixty days before the then-pending trial date, and we conclude it pleads sufficient facts. In addition, we hold there was no applicable limitations period for the plaintiff to join the third-party employer as a defendant on his tort cause of action because his exclusive remedy—which he successfully pursued—was workers' compensation. For these reasons, the trial court's ruling was a clear abuse of discretion. Because the defendant lacks an adequate remedy by appeal, we conditionally grant mandamus relief and direct the trial court to vacate its order denying defendants' motion for leave to designate a third party and to grant the motion.

In 2015, plaintiff and real party in interest James Curry was loading a trailer parked at a freight dock owned by his employer, Eaton Corporation. Eaton authorized defendant-relator YRC, Inc. d/b/a YRC Freight, the operating freight carrier, to move the trailer. According to Curry, YRC's driver began to pull the trailer away while Curry was still actively loading it, causing him to fall out. Curry was injured and filed a successful workers' compensation claim.

A year after the incident, Curry filed this suit, alleging negligence by YRC and its driver (named in the suit as John Doe). YRC first identified Eaton as a potential responsible third party in a supplemental discovery response in May 2019. On January 5, 2021, YRC (together with John Doe) filed a motion to designate Eaton as a responsible third party pursuant to Section 33.004. When YRC filed its motion, trial was set for March 8, 2021—62 days later. YRC's motion detailed the circumstances of Curry's injury. It also described the relationship

2

between YRC, Eaton, and Curry and the duty that Eaton owed Curry to provide a safe workplace, comply with all relevant OSHA standards, and warn or make safe any dangerous conditions. The motion alleged that Curry's injuries stemmed from Eaton's activities on the dock and that Eaton's negligence proximately caused the incident.

Curry objected to the motion. He contended that YRC did not plead sufficient facts supporting Eaton's responsibility for his injuries. Additionally, he argued that YRC's motion was untimely because it was filed less than 60 days before the original trial date and because the statute of limitations for any of Curry's claims against Eaton had expired.

The trial court agreed with Curry and denied YRC's motion to designate Eaton a potential responsible third party. The court based its ruling on three grounds: (1) YRC failed to establish good cause for its delay in filing its motion for leave before the original two trial settings; (2) the motion was untimely because it was filed "five years after the subject injury" and thus after the statute of limitations on a claim against the third party had expired; and (3) YRC failed to plead sufficient facts to support the motion.

Mandamus relief is warranted when a trial court clearly abuses its discretion and the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). We conclude that the trial court clearly abused its discretion on each ground.

**First**, YRC's motion was timely. Section 33.004(a) provides that a motion for leave to designate a responsible third party must be filed

3

"on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." TEX. CIV. PRAC. & REM. CODE § 33.004(a). We held in *Coppola* that "nothing in the proportionate-responsibility statute support[s] a construction of section 33.004(a) as limiting the phrase 'the trial date' to an initial trial setting rather than the trial date at the time the motion to designate is filed." 535 S.W.3d at 508.

Here, YRC filed its motion on January 5, 2021. The operative docket control order at the time of YRC's motion set the case for trial on March 8, 2021. Thus, YRC's motion was filed 62 days before the trial setting at the time, making it timely under *Coppola* and Section 33.004(a).

**Second**, the trial court was incorrect in concluding that the motion was filed after the applicable limitations period had expired. Section 33.004(d) provides that "a defendant may not designate a person as a responsible third party with respect to a claimant's cause of action after the applicable limitations period on the cause of action has expired with respect to the responsible third party" unless the possible designation was timely disclosed. TEX. CIV. PRAC. & REM. CODE § 33.004(d). Curry contends that this section prohibits YRC's designation of Eaton because the statute of limitations on his tort cause of action had expired with respect to Eaton before YRC moved to designate Eaton as a responsible third party.

We disagree because the statute of limitations for "the cause of action" in this suit does not apply "with respect to the responsible third party." Curry has alleged a cause of action for common-law negligence

4

against YRC and John Doe to recover damages for his personal injuries. But there is no "applicable limitations period on th[is] cause of action . . . with respect to" third party Eaton because the Legislature has eliminated the cause of action by statute. Eaton is a subscriber to workers' compensation insurance, and Curry's negligence cause of action seeks recovery for work-related injury. As a matter of law, therefore, recovery of workers' compensation is Curry's exclusive remedy against Eaton. *See* TEX. LAB. CODE § 408.001(a) ("Recovery of workers' compensation benefits is the exclusive remedy of an employee . . . against the employer . . . for the death of or a work-related injury sustained by the employee."). The record contains no allegations or evidence that could arguably bring Curry's cause of action within any exception to the exclusive statutory remedy. *See, e.g., id.* § 408.001(b) (preserving recovery of exemplary damages when employee's death was caused by employer's intentional or grossly negligent act or omission); *Mo-Vac Serv. Co. v. Escobedo*, 603 S.W.3d 119, 124-30 (Tex. 2020) (addressing intentional-injury exception to exclusive remedy).[1]

This interpretation of Section 33.004(d) is compatible with the Legislature's goal—evident from the statutory text—of preventing a defendant from delaying a third-party designation beyond the limitations period in order to deprive the plaintiff of an opportunity to

---

[1] Our holding does not extend to causes of action that have limitations periods applicable to third parties but that might not ultimately succeed for various reasons those parties could choose to raise, such as immunity, defenses, or lack of merit. In such situations, a defendant must comply with Section 33.004(d) by timely designating the third party or disclosing its potential designation.

sue the third party.[2] Here, the timing of YRC's motion did not deprive Curry of the opportunity to join Eaton as a defendant, which the Labor Code independently prohibited. Indeed, Curry had already exercised his exclusive remedy against Eaton via his workers' compensation claim. Furthermore, there is less risk of gamesmanship in the designation of employer third parties. There is no indication here that Curry, an employee of Eaton, was surprised to learn of YRC's allegations regarding Eaton's role in his injury.[3]

For these reasons, Section 33.004(d) did not foreclose YRC's designation. YRC's motion was therefore timely, and the trial court's contrary conclusion was a clear abuse of discretion.

**Third**, the trial court clearly abused its discretion in concluding that YRC did not plead sufficient facts to support its motion. Section 33.004(g) provides that "if an objection to the motion for leave is timely filed, the court shall grant leave to designate the person as a responsible third party unless the objecting party establishes" both that "the

---

[2] *See In re Bertrand*, 602 S.W.3d 691, 697-99, 702-04, 706 (Tex. App.— Fort Worth 2020, orig. proceeding) (describing Section 33.004(d)'s objective as "allowing the defendant to designate responsible third parties in a manner designed to minimize the risk of gamesmanship in delaying disclosure to deprive the plaintiffs of their opportunity to make a claim against the responsible third party within limitations"); *In re CVR Energy, Inc.*, 500 S.W.3d 67, 73 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) ("These timing limitations are part of a 'statutory balance' created by the Legislature that seeks to address a defendant's interest in identifying nonparties who may have some culpability while recognizing that a plaintiff has time limitations on . . . claims against parties not already included in its suit.").

[3] *See In re Dakota Directional Drilling, Inc.*, 549 S.W.3d 288, 292 (Tex. App.—Fort Worth 2018, orig. proceeding) (noting, on similar facts, that it "defies all credulity to suggest that Plaintiffs did not know that [the driver] was a potential responsible third party").

defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure" and that, "after having been granted leave to replead, the defendant failed to plead sufficient facts" again. TEX. CIV. PRAC. & REM. CODE § 33.004(g)(1), (2). The Rules of Civil Procedure require "a short statement of the cause of action sufficient to give fair notice of the claim involved." TEX. R. CIV. P. 47(a).

To plead sufficient facts on a motion for leave to designate a responsible third party under Section 30.004, a movant must satisfy only this fair-notice requirement. *See In re Bustamante*, 510 S.W.3d 732, 737 (Tex. App.—San Antonio 2016, orig. proceeding). So long as a party can ascertain from the pleading the nature, basic issues, and type of evidence that might be relevant to the controversy, a pleading satisfies the Rule 47(a) standard. *See Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007).

YRC's motion clears this bar. The motion devotes almost five pages to setting out the facts surrounding Curry's injury. In particular, YRC identifies specific facts in support of its allegations that Eaton owed Curry a duty as his employer to create a safe workplace on its loading dock, that Eaton breached that duty when one of its employees permitted YRC's driver "to pull the trailer from the dock without confirming that [Curry] had finished loading the trailer," and that this breach caused Curry's injuries. The motion provides fair notice to Curry of the nature of the controversy, its basic issues, and the type of evidence that might be relevant to Eaton's responsibility for his injuries. Thus,

7

YRC's motion satisfied the requirements of Rule 47(a) and Section 33.004(g)(1).

Moreover, even if the motion had failed to satisfy these pleading requirements, subsection (g)(2) required the trial court to provide YRC an opportunity to replead. The trial court lacked discretion to deny the motion without affording YRC that opportunity. *See Coppola*, 535 S.W.3d at 508.

In *Coppola*, we held that there is ordinarily no adequate remedy by appeal from the erroneous denial of a timely filed motion to designate a responsible third party. *Id.* at 509-10. Allowing a case to proceed to trial without the third party would defeat the defendant's right to have the jury determine the proportionate responsibility of all potential responsible parties, requiring a second trial. *See id.*

Accordingly, without hearing oral argument, *see* Tex. R. App. P. 52.8(c), we conditionally grant YRC's petition for writ of mandamus and direct the trial court to vacate its order denying YRC's motion for leave to designate a responsible third party and to grant the motion. Our writ will issue only if it fails to do so.

**OPINION DELIVERED:** June 17, 2022